IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| William Lester Sholar, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:21-cv-2551-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| BHI Energy I Power Services LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff William Lester Sholar ("Plaintiff") brought this action against Defendant BHI Energy I Power Services LLC ("BHI") asserting a claim for interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), as well as common law claims for fraud and misrepresentation. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On October 21, 2021, BHI filed a partial motion to dismiss, arguing that Plaintiff's FMLA interference claim is barred by the statute of limitations. (ECF No. 10). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court treat BHI's motion as one for partial summary judgment, grant the motion, and dismiss Plaintiff's FMLA interference claim as barred by the statute of limitations. (ECF No. 17). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. at 1–5. Although both parties are represented by counsel, the magistrate judge nonetheless advised both parties of their right to file specific objections to the Report. *Id*. at 12. To date, neither party has filed any objections to the Report and the time in which to do so has now expired. Accordingly, this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and the pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, for the reasons stated therein, the court interprets BHI's motion (ECF No. 10) as one for partial summary judgment, **GRANTS** the motion, and **DISMISSES** Plaintiff's claim for FMLA interference as barred by the statute of limitations.

Furthermore, having disposed of Plaintiff's only federal claim, the only remaining causes of action are for common law fraud and misrepresentation which are purely state-law claims. *See* (ECF No. 1). "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has the inherent power to dismiss [a] case or,

in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C.*, Inc., 239 F.3d 611, 617 (4th Cir. 2001); *see also Moore v. Sears Roebuck & Co.*, No. 3:06cv255-RV/MD, 2007 WL 1950405, at *10 (N.D. Fla. July 2, 2007) (quoting *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002)) ("'A court may decline to exercise jurisdiction over state-law claims, where the Court has dismissed all the federal claims over which it has original jurisdiction.'").

> Section 13[6]7(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remain[] in the case; or other compelling reasons.  And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider "principles of economy, convenience, fairness, and comity" . . . .

*Id*. (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Applying these to the case at hand, the factors weigh heavily in favor of dismissing this action without prejudice.  Summary judgment has been granted for BHI on Plaintiff's federal cause of action for FMLA interference and, consequently, the state-law claims for fraud and misrepresentation necessarily predominate because they are the only remaining causes of action.  Additionally, Plaintiff's claims involve interpretation of South Carolina case law these claims.  Furthermore, the overriding principles of fairness, judicial economy, and comity all support dismissing Plaintiff's remaining state-law claims so that they may be brought before a state court for resolution.[1]  Accordingly, having disposed of Plaintiff's federal claim over which this court

---

[1] To the extent there is any concern regarding the timeliness of Plaintiff's remaining claims should he need to refile in state court, the court notes that, pursuant to 28 U.S.C. § 1367(d), the applicable statutes of limitations on Plaintiff's state law claims have been and shall remain tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

has original jurisdiction, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for fraud and misrepresentation and those causes of action will, therefore, **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 8, 2021
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.